**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

SAMANTHA SCHREIBER,

                Plaintiff,

-vs-                                            Case No.  2:10-cv-391-FtM-29DNF

KITE KING'S LAKE, LLC, a Foreign Limited
Liability Company,

                Defendant.

_____

**ORDER**

      This matter comes before the Court on the Defendant, Kite King's Lake, LLC.'s Motion to Stay Discovery and/or for Protective Order (Doc. #17) filed on September 29, 2010.  The Plaintiff filed her Response in Opposition (Doc. # 18) on September 27, 2010.  The Motion is now ripe for the Court's review.

      The Defendant cites to Chadsuma v Mazda Corporation, 123 F.3d 1353, 1367 (11th Cir. 1997), for the general proposition that discovery should be stayed until a pending motion to dismiss is resolved.  Chadsuma states: "[f]acial challenges based on the failure to state a claim for relief, should, however, be resolved before discovery begins. Id. at 1368.  However, Chadsuma does not stand for the proposition that all discovery should be stayed pending a decision on a motion to dismiss. Koock v. Sugar & Felsenthal, LLP, 2009 WL 2579307 * 2 (M.D. Fla. August 19, 2009).  "Instead, Chadsuma and its progeny stand for the much narrower proposition that courts should not

delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." Id. (citing In re Winn Dixie Stores, Inc., 2007 WL 1877887 *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. Koock, 2009 WL 2579307 at *2 (citing McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted)). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." McCabe, 233 F.R.D. at 685 (citation and internal quotation marks omitted).

The Defendant's Motion to Dismiss challenges the Plaintiff's standing to bring the lawsuit. Before issuing a stay the Court must take a look at the Motion to Dismiss to determine the likelihood of its success. To demonstrate standing in federal court under Article III of the ADA a plaintiff must show: (1) that he has suffered an injury in fact that is concrete and particularized and actual and imminent; (2) the injury is fairly traceable to the challenged activity of the Defendant; and (3) it is likely that the injury will be redressed by a favorable decision. Raetano v. P-Squared Fast Lube & More, L.L.C., 2009 WL 3242030 *1(M.D. Fla. October 6, 2009) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Additionally, in cases in which the relief sought is injunctive, a plaintiff must allege "a real and immediate-as opposed to a merely conjectural or hypothetical-threat of future injury." Raetano, 2009 WL 3242030 at *1(citing Wooden v. Board of Regents of University System of Georgia, 247 F.3d 1262, 1284 (11th Cir.2001)). Notably, at the pleading stage, a plaintiff's allegation that he "intends to visit the facility again in the near future" is sufficient to allege a real and immediate threat of future injury. Raetano,

2009 WL 3242030 at *1 (citing <u>Stevens v. Premier Cruises, Inc.</u>, 215 F.3d 1237, 1239 (11th Cir.2000)).

The Plaintiff brought her Complaint pursuant to Americans with Disability Act (ADA). The Plaintiff's Complaint alleges that she is disabled within the meaning of the ADA, and that the Defendant discriminated against her by placing barriers in her way preventing her from enjoying the use of the Defendant's "good services, facilities, privileges, advantages, and/or accommodations offered therein." (Doc. # 1, ¶ 15). The Defendant claims the Plaintiff lacks standing because she has failed to allege a sufficient factual basis that she will visit the premises in the near future. Thus, the Defendant argues the Plaintiff failed to allege that she faces a real and immediate threat of repeated injury that would give rise to a probable inference that she will suffer future disability discrimination by the Defendant.

Contrary to the Defendant's Motion, the Plaintiff alleges that she intends to visit the premises again in the near future. (Doc. # 1, at ¶ 15). As noted above, a plaintiff's allegation that she "intends to visit the facility again in the near future" is sufficient, at this stage in the proceedings, to allege a real and immediate threat of future injury. <u>Raetano</u>, 2009 WL 3242030 at *1 *1(citing <u>Hunnings v. Texaco</u>, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994)). After a quick peek at the Motion to Dismiss, the Court believes that the case will most likely survive the Motion to Dismiss, because the Complaint sufficiently alleges that the Plaintiff will return to the premises in the near future. As such, the Court does not find good cause to stay the discovery at this time.

Accordingly, it is now

**ORDERED:**

The Defendant, Kite King's Lake, LLC.'s Motion to Stay Discovery and/or for Protective Order (Doc. #17) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of October, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record